IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GRAYLIN GRAY,<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, SCOTT R. FRAKES, iin his Individual and Official Capacities as Director of the Nebraska Department of Correctional Services; HARBANS DEOL, in his Individual and Official Capacities as the Director of Health Services of the Nebraska Department of Correctional Services; and DOES 1-20, inclusive;<br><br>Defendants. | 4:19CV3063<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on its own motion. On June 24, 2019, the court required Plaintiff Graylin Gray to show cause why he is entitled to proceed in forma pauperis in this action. (*See* Filing No. 7.) This court has previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim. *See Gray v. Lancaster, County of et al.*, Case No. 4:07CV3185 (D.Neb.) (Filing No. 9, September 10, 2007 Memorandum and Order requiring Plaintiff to show cause why case should not be dismissed pursuant to PLRA's "three strikes" provision). The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff responded to the court's order on July 5, 2019. (*See* Filing No. 8.) Plaintiff argues he should be allowed to proceed in forma pauperis because his

Complaint (filing no. 1) sufficiently alleged that he is under imminent danger of serious physical injury. In particular,

> Plaintiff's complaint alleges (1) chronic overcrowding at NDCS facilities, (2) understaffing, lack of training, and lack of resources, (3) dangerous consequences for public safety in Nebraska, (4) failure to provide timely access to care, with excessive and often dangerous delays for everything from routine to emergency care, (5) failure to promulgate and folow-up [sic] care to prisoners, expecially [sic] those with chronic conditions, (6) insufficient numbers of heath care professionals to provide even minimal care to more than 5,200 prisoners in NDCS, (7) insufficient numbers of custody to transport prisoners to health care encounters, both within NDCS facilities and at community medical facilities, (8) inadequate training, policies, and procedures for custody staff who respond to health care emergencies, (9) inadequate physical space to conduct private medical screenings and appointments, resulting in breaches of prisoners' confidentiality and dangerous and unsanitary conditions, (10) failure to label the medications with serious and life-threatening side effects, (11) failure to provide care for prisoners with heart problems, low blood platelets, and fatty liver, causing prisoners pain and injury, and (12) inadequate vision care, including a failure to provide prisoners with more than one pair of eyeglasses per year, even if prisoners' glasses are lost or broken.

(Filing No. 8 at CM/ECF pp. 1–2.) As a result of these conditions, of which Defendants are aware, Plaintiff alleges he is subjected "to substantial risk of serious harm from inadequate health care, including medical, and dental care." (*Id.* at CM/ECF p. 2.)

"[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Applying these principles, the Eighth Circuit has concluded that the imminent-danger-of-serious-physical-injury standard was

satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions, *McAlphin v. Toney*, 281 F.3d 709, 710–11 (8th Cir. 2002). However, the Eighth Circuit has held that a general assertion that defendants were trying to kill the plaintiff by forcing him to work in extreme weather conditions despite his blood pressure condition, was insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Martin*, 319 F.3d at 1050.

Here, Plaintiff's allegations of imminent danger amount to nothing more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" suggesting only a mere possibility of danger. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff alleges no facts suggesting that he *personally* has suffered any harm or injury from the conditions alleged in his Complaint, let alone a threat of continuing harm or injury. The only allegations relevant specifically to Plaintiff and his receipt of inadequate medical care are that he has been diagnosed with hypertension and Defendants fail to provide "[p]risoners who are diagnosed with hypertension . . . accomodations, [sic] including natural herbs" and serve "salted foods in the prisons dinning [sic] hall, which puts them at risk of injury." (Filing No. 1 at CM/ECF pp. 2–3, 5.) These allegations do not allege specific facts that indicate Plaintiff is currently suffering physical injury or facing future injury. *See Tabansi v. Wolf*, No. 3:15-CV-676, 2015 WL 5695903, at *2 (M.D. Pa. Sept. 23, 2015) (inmate's allegations regarding the impact of the diet he was served in prison and its effect on his health, in particular, hypertension, was "speculative at best" and did not satisfy the imminent-danger-of-serious-physical injury exception in 28 U.S.C. § 1915(g)).

For the foregoing reasons, the court finds that Plaintiff has failed to demonstrate that he is under imminent danger of serious harm and he, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g). Because Plaintiff has not paid the $400.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Filing No. 2) is denied.

2. Plaintiff's Motion to Appoint Counsel (Filing No. 4) is denied as moot.

3. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

4. Any notice of appeal filed by Plaintiff must be accompanied by the $505.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

Dated this 17th day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge