# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GRAYLIN GRAY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, SCOTT R. FRAKES, iin his Individual and Official Capacities as Director of the Nebraska Department of Correctional Services; HARBANS DEOL, in his Individual and Official Capacities as the Director of Health Services of the Nebraska Department of Correctional Services; and DOES 1-20, inclusive;<br><br>　　　　　Defendants. | **4:19CV3063**<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the court on Plaintiff's Motion to Alter or Amend the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (filing no. 11), which was timely filed on July 22, 2019. *See* Fed. R. Civ. P. 59(e) (A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment.").

　　　　Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

　　　　Here, Plaintiff asks the court to alter or amend its judgment entered July 17, 2019, dismissing Plaintiff's action without prejudice pursuant to 28 U.S.C. § 1915(g) because Plaintiff has "three strikes" and failed to pay the court's filing and

administrative fees or demonstrate that he is under imminent danger of serious harm in order to proceed in forma pauperis. Plaintiff argues that the federal cases the court counts as "strikes" were not "civil actions" because no summons ever issued in those cases. Thus, Plaintiff asserts he does not have three strikes and may proceed in forma pauperis. In support of his argument, Plaintiff cites to the Nebraska Supreme Court's decision in *McCoy v. Albin*, 298 Neb. 297, 903 N.W.2d 902 (2017), for the proposition that "[a] civil action is commenced by filing in the proper court a petition and causing a summons to be issued."

Plaintiff's reliance on the statement of Nebraska law in *McCoy* is inapposite. In federal court, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The language in 28 U.S.C. § 1915(g) simply provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, the cases determined by this court to be "strikes" constitute civil actions and the fact that summons never issued in any of the cases is irrelevant to the inquiry under 28 U.S.C. § 1915(g).

Upon consideration of Plaintiff's motion, the court concludes Plaintiff has not demonstrated any legitimate reason for altering or amending the court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact. Thus, Plaintiff has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Alter or Amend the Judgment (filing no. 11) is denied.

Dated this 7th day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge